FILED
U.S. DISTRICT COURT
                    DIV.
2011 SEP 20 PM 2: 19
CLERK_____
       SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOSE CRUZ JIMENEZ,

    Petitioner,

v.              CIVIL ACTION NO.: CV511-062

MICHAEL ZENK, Warden, and UNITED
STATES OF AMERICA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Cruz Jimenez ("Jimenez"), an inmate currently incarcerated at the D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents[1] filed a Response. For the reasons which follow, Jimenez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Jimenez pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. United States v. Jimenez, No. 2:10–CR–59–001 (D. Me.), Doc. No. 8-2. The district court sentenced Jimenez to 66 months' imprisonment. Id.

In the instant petition, Jimenez requests a six (6) month reduction in his sentence. Jimenez asserts that he is a deportable alien, and, as such, he is ineligible

---

[1] Respondents correctly assert that they are improper respondents for Jimenez's § 2241 petition. The correct respondent is the current warden at D. Ray James. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Due to the undersigned's recommended disposition of Jimenez's petition, no further discussion of this assertion is necessary.

AO 72A
(Rev. 8/82)

for early release after his completion of the Residential Drug Abuse Program and for halfway house release. (Doc. No. 2). Respondents contend that Jimenez's petition should be dismissed for want of subject matter jurisdiction based on Jimenez's failure to exhaust his administrative remedies. (Doc. No. 8).

## DISCUSSION AND CITATION OF AUTHORITY

Inmates are required to exhaust administrative remedies prior to seeking relief in federal court by filing a petition for a writ of habeas corpus. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"). If a prisoner does not exhaust administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992).

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures. (Doc. No. 8-1, p. 2). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. Id. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters. Id. If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Doc. No. 8-1, p. 3). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Id.

Jimenez is not entitled to § 2241 relief. The issues raised in Jimenez's petition involve BOP related matters. Id. Jimenez has not filed a BOP administrative remedy during his incarceration, as shown by the SENTRY database. Id. Therefore, he has not exhausted his BOP administrative remedies with regard to the issues raised in his petition. As Jimenez has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jimenez's § 2241 petition be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 20th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)